IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNION PACIFIC RAILROAD CO., <br><br> Plaintiff, <br><br> v. <br><br> BRYAN R. TIMMONS, <br><br> Defendant. | 8:20CV191 <br><br> MEMORANDUM <br> AND ORDER |

This matter is before the Court on the Findings and Recommendation of the magistrate judge[1] (Filing No. 29), recommending defendant Bryan R. Timmons's ("Timmons") Motion to Dismiss (Filing No. 5) be denied and plaintiff Union Pacific Railroad Co.'s ("Union Pacific") Motion to Remand (Filing No. 12) be granted.

Timmons is a Union Pacific employee and a member of the Brotherhood of Railroad Signalmen ("BRS"). This dispute arises out of Union Pacific's allegations that Timmons collected $320,920.56 in unwarranted travel allowances. Under Rule 26 of the collective bargaining agreement between Union Pacific and BRS ("CBA"), employees receive a travel allowance of "$9.00 for every twenty-five (25) miles traveled from home to work at the beginning and end of each work period" and "[i]f an employee travels to a location other than home during the employee's off day, the employee will receive mileage payment ($9.00 per 25 miles) for the lesser of the travel to the employee's home or the actual travel incurred." For the alleged purpose of collecting the travel allowances, Timmons claimed his "home" was in Alaska while working in Texas.

Union Pacific terminated Timmons's employment based upon his dishonest behavior, and BRS filed a grievance on Timmons's behalf. The Public Law Board (the

---

[1]The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

"Board") heard this dispute, found that Timmons's home was in Texas, but nonetheless reinstated Timmons based on other factors. The Board did not discuss awarding damages to Union Pacific or the fraud claim at issue here.

One year later, Union Pacific filed this action for fraud against Timmons in Douglas County District Court to recover the $320,920.56 in travel allowances it provided to Timmons. Timmons removed the case to this Court based on federal question jurisdiction, asserting the state-law claim is preempted by the Railway Labor Act ("RLA"); Timmons also filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction, or in the alternative, under 12(b)(6) for failure to state a claim.

The magistrate judge reasoned Union Pacific's fraud claim is not preempted because the Court does not need to interpret the CBA to resolve the fraud claim on independent grounds. Timmons timely objected (Filing No. 30) to the findings and recommendation, arguing Union Pacific does not have a viable state-law fraud claim because it is preempted by the RLA.

When a party objects to a magistrate's findings and recommendation, the district court reviews those portions de novo. *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742 (8th Cir. 2018). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

During the arbitration proceedings, the Board interpreted the term "home" in the CBA as applied to Timmons. The Board found Timmons deceived Union Pacific by stating Alaska was his "home" when his "home" really was in Texas. Because the Board already interpreted the "home" provision as to Timmons, further interpretation of the CBA is unnecessary to resolve Union Pacific's fraud claim. When a term in the CBA is no longer in dispute, "the application of that provision to a set of facts involves only reference to the

provision," and the claim is not preempted by the RLA. *Thompson v. Air Transp. Int'l Liab.Co.*, 664 F.3d 723, 726 (8th Cir. 2011). Since the claim is not preempted by the RLA, the magistrate judge recommends Timmons's motion to dismiss be denied and Union Pacific's motion to remand be granted based on the lack of federal-question jurisdiction.

The Court has carefully reviewed the record and finds the magistrate judge's well-reasoned recommendation should be adopted in all respects. Accordingly,

IT IS ORDERED:
1. The Findings and Recommendation of the magistrate judge (Filing No. 29) are adopted.
2. Union Pacific Railroad Co.'s Motion to Remand (Filing No. 12) is granted.
3. Bryan R. Timmons's Motion to Dismiss (Filing No. 5) is denied.

Dated this 4th day of November 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge